IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 22 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| RAYMOND CANALES, | § |
| | § |
| Applicant, | § |
| | § |
| VS. | §    NO. 4:08-CV-689-A |
| | § |
| RICK THALER,[1] | § |
| Director, Texas Department | § |
| of Criminal Justice, | § |
| Correctional Institutions | § |
| Division, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Raymond Canales ("Canales") is applicant[2] and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent.  This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 20, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any,

_____

[1]The court has been informed that Rick Thaler has succeeded Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Therefore, Rick Thaler is automatically substituted for Nathaniel Quarterman as a party. See Fed. R. Civ. P. 25(d)(1).

[2]The title of the document filed by Canales was "Petition for Writ of Habeas Corpus by a Person in State Custody," and Canales referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed as an "application" and is referring to Canales as "Canales" or "applicant."

thereto by September 10, 2009. Canales timely filed his written objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Canales's application cites the following grounds for relief, as characterized by the Magistrate Judge: his warrantless arrest was illegal and his conviction was obtained by use of evidence gained from the illegal arrest and unlawful search and seizure (grounds one, two, and three); defective indictment; conviction obtained by use of coerced statements from state witnesses; and ineffective assistance of counsel. The Magistrate Judge found that Canales failed to overcome the presumption of correctness of the state courts' determination of his claims.[3]

_____

[3]Canales filed a petition for state habeas relief, which the Texas Court of Criminal Appeals denied without written order. The denial without written order is considered an adjudication on the merits, which is entitled to the presumption of correctness. See Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999).

In his objections, Canales essentially sets forth his disagreement with the FC&R, generally reiterating the contentions in his application.[4] Canales's statements of disagreement are the type of conclusory allegation to which the court need not respond. See Battle, 834 F.2d at 421.

Additionally, Canales's objections repeatedly rely on his assertion that a newly identified witness, Lawanna Hawkins ("Hawkins"), witnessed his arrest and, if she were allowed to testify, would support the claims raised in his application. Canales offers nothing other than his conclusory assertion to support this contention. Canales offers no affidavit or other evidence from Hawkins indicating her willingness to testify, nor does he offer any statement as to what her alleged testimony would be. Further, in his motion entitled "Motion: Notice of New Evidence/Witness," Canales acknowledges that he has had no contact with Hawkins since the night of his arrest in April 2002. Canales does not contend that the prosecution withheld the identity of Hawkins, and he only alleges for the first time in his objections that his appellate attorney should have known

---

[4]Canales objects that in part I of the FC&R the Magistrate Judge incorrectly states that he was indicted for capital murder in June 2000. Canales is correct, as his original indictment was in June 2002. This typographical error is immaterial to the court's analysis or resolution of the application.

3

about and investigated Hawkins.[5] Canales's conclusory assertions concerning Hawkins provide no basis for overcoming the presumption of correctness of the state courts' determination of his claims.

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that the application of Canales for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED September 22, 2009.

_____
JOHN McBRYDE
United States District Judge

_____

[5]Canales does not mention Hawkins, who he claims to have known since his 2002 arrest, in his state habeas application.

4